IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN GILBERT, | § | |
| TDCJ #1378106, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3986 |
| | § | |
| STEVEN FRENCH, *et al*., | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Dismiss [Doc. # 113], filed by Defendant St. Joseph Regional Health Center ("St. Joseph")[1]. Upon review of the motion, all pertinent matters of record, and applicable law, the Court concludes that St. Joseph's motion should be **denied**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is more fully detailed in the Court's Memorandum and Order of February 12, 2008 ("February 2008 Order") [Doc. # 69]. Briefly, Plaintiff, State inmate Stephen Gilbert, alleges that after being shot in each shoulder by law enforcement, who were attempting to apprehend him while he was fleeing an armed robbery, he was impermissibly withheld pain medication while being

---

[1] Plaintiff incorrectly named this party "St. Joseph Hospital."

treated at St. Joseph. Gilbert asserts that his physicians' decisions to withhold medicine was made at the behest of, or in agreement with, law enforcement officers, pursuant to a hospital policy or custom of withholding pain medication to criminal suspects wanted for questioning by police.

Gilbert originally filed suit against two dozen defendants, among them the City of Bryan, Texas, sixteen City of Bryan police officers, St. Joseph Hospital, and four hospital employees. Gilbert alleged several civil rights claims cognizable under 42 U.S.C. § 1983. After ordering and receiving a more definite statement of Gilbert's claims, the Court authorized service on the law enforcement defendants. These defendants subsequently filed a motion for summary judgment, which the Court granted in part and denied in part in a detailed forty-two page memorandum and order—the February 2008 Order. In that Order, the Court also concluded that Gilbert had stated a viable cause of action against St. Joseph Hospital and two hospital employees, alleging a deprivation of Gilbert's constitutional right to medical care. Accordingly, the Court authorized service on these defendants. After a variety of procedural events of no relevance to the matter *sub judice*, this motion followed.

## II. STANDARD OF LAW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* A claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. Nat'l Football League Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). However, "a statement of facts that merely creates a suspicion that the pleader might have a right of action" is insufficient to overcome a motion to dismiss. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1216 at 156–59).

A cause of action can fail to state a "claim upon which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2). *See, e.g.*, *Buerger v. Sw. Bell Tel. Co.*, 982 F. Supp. 1247, 1249–50 (E.D. Tex. 1997); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, *2 (5th Cir. Oct. 9, 2006) ("[A] Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8."). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

The United States Supreme Court has made clear, however, that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964–65 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 1965 n.3 (internal quotations omitted).

Finally, pleadings filed by *pro se* plaintiffs are construed by courts under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See id.*; *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000).

### III. <u>ANALYSIS</u>

St. Joseph argues that Gilbert's Complaint fails to state a claim for relief because St. Joseph physicians are independent contractors over whom the hospital has

no authority. Because the hospital itself cannot practice medicine, St. Joseph asserts that it cannot be liable for its contractors' alleged failure to properly prescribe pain medication to Gilbert. St. Joseph offers no evidence regarding the employment or contractual relationship between the hospital and its physicians.

As the Court noted in its February 2008 Order, "whether Gilbert's doctors or the hospital may be considered state actors for purposes of § 1983 and whether the hospital had a policy or custom of withholding pain medication to permit police to question injured suspects"[2] are issues that cannot be decided on a motion to dismiss. Given St. Joseph's (unproven) assertion that the physician defendants in this case were not hospital employees, the hospital's contentions raise additional open questions regarding whether and how any unlawful hospital policies were communicated to, and carried out, by its contract physicians. Thus, the Court declines to dismiss Gilbert's § 1983 claim against St. Joseph.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that St. Joseph Regional Health Center's Motion to Dismiss [Doc. # 113] is **DENIED**.

---

[2] February 2008 Order [Doc. # 69], at 46.

SIGNED at Houston, Texas, this **17th** day of **June, 2008.**

_____
Nancy F. Atlas
United States District Judge