IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| STEPHEN GILBERT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3986 |
| | § | |
| STEVEN FRENCH, *et al.*, | § | |
| Defendants. | § | |


## MEMORANDUM AND ORDER

Pending before the Court is a Motion for Summary Judgment [Doc. # 114][1]

filed by Defendants City of Bryan, Texas ("City"), Bobby Whitmire, Lori Anderson,

and Steven Fry.  Upon review of the motion, all pertinent matters of record, and

applicable law, the Court concludes that Defendants' motion should be **denied**.

## I.    FACTUAL BACKGROUND

The factual background of this case is described in detail in the Court's

Memorandum and Order of February 12, 2008 ("February 2008 Order") [Doc. # 69].

Briefly, Plaintiff, Texas Department of Criminal Justice ("TDCJ") inmate Stephen

---

[1]     Defendants caption their motion a "Motion to Dismiss, Rule 56 No-Evidence Motion
for Summary Judgment, and Rule 56 No-Evidence Motion for Summary Judgment."
Because Defendants reference and seek to rely on documents attached to their prior
motion for summary judgment, and because the Court has previously ruled on the
viability of Plaintiff's claims, *see* Memorandum and Order of February 12, 2008
[Doc. # 69], the Court converts the entire motion to a motion for summary judgment.
*See* FED. R. CIV. P. 12(d).

Gilbert, alleges that after being shot in each shoulder by law enforcement, who were attempting to apprehend him while he was fleeing an armed robbery, he was impermissibly withheld pain medication by physicians at St. Joseph Regional Health Center ("St. Joseph").  Gilbert asserts that his physicians' decision to withhold medicine was made at the behest of, or in agreement with, law enforcement officers, and was intended to coerce Gilbert—a suspect in the robbery—into answering the officers' questions concerning the crime.  At some point following the questioning, Gilbert was arrested and charged with aggravated robbery with a deadly weapon.  He was subsequently found guilty and sentenced to serve thirty years in a Texas prison.

Gilbert originally filed suit against more than two dozen defendants, among them the City of Bryan, Texas, sixteen City of Bryan police officers, St. Joseph, and four hospital employees. Gilbert alleged several civil rights claims cognizable under 42 U.S.C. § 1983.  After ordering and receiving a more definite statement of Gilbert's claims, the Court authorized service on the law enforcement defendants.  Those defendants subsequently filed a motion for summary judgment, which the Court granted in part and denied in part in a detailed forty-two page memorandum and order—the February 2008 Order.  In that Order, the Court concluded, *inter alia*, that Gilbert had pled viable causes of action against Bryan Police Officers Lori Anderson and Steven Fry for civil rights violations concerning the alleged denial of medical

care, and against Chief of Police Bobby Whitmire—as a policymaker for the City of

Bryan—for failing to train officers Anderson and French in the proper treatment of

a detainee with serious medical needs.  After a variety of procedural events of no

relevance to the matter *sub judice*, this motion followed.

## II.   <u>LEGAL STANDARD</u>

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who

fails to make a sufficient showing of the existence of an element essential to the

party's case for which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil*

*Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).   In deciding a motion for summary

judgment, the Court must determine whether "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with any affidavits filed in support

of the motion, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c);

*Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir.

2003).

For summary judgment, the initial burden falls on the movant to identify areas

essential to the non-movant's claim in which there is an "absence of a genuine issue

of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

The moving party, however, need not negate the elements of the non-movant's case.

*See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving

party may meet its burden by pointing out "'the absence of evidence supporting the

non-moving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312

(5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.

1992)).  However, if the moving party fails to meet its initial burden, the motion for

summary judgment must be denied, regardless of the non-movant's response.

*ExxonMobil Corp.*, 289 F.3d at 375.

If the moving party meets its initial burden, the non-movant must go beyond the

pleadings and designate specific facts showing that there is a genuine issue of material

fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

"An issue is material if its resolution could affect the outcome of the action.  A dispute

as to a material fact is genuine if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532,

536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts

and inferences to be drawn from them must be reviewed in the light most favorable

to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts."  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden.  *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) (Showing "some metaphysical doubt as to the material facts" will not create a genuine dispute.).  Instead, the non-moving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Finally, pleadings filed by *pro se* plaintiffs are construed by courts under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S.

519, 520–21 (1972).  Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them.  *See id.*; *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000). Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion.  *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992); *see also Ogbodiegwu v. Wackenhut Corrections Corp.*, 202 F.3d 265 (5th Cir. 1999) (unpublished table opinion) ("Although the pleadings filed by *pro se* parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' *pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." (citing *Haines*, 404 U.S. at 520; *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir. 1995)).

## III.   ANALYSIS

In this motion for summary judgment filed by Defendants Whitmire, Anderson, and Fry, three arguments are asserted.  First, Defendants argue that Gilbert's claims are barred because he has failed to exhaust all administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  Second, Defendant Whitmire contends that he cannot be a party to this lawsuit because he was not the Chief of Police for the City of Bryan when Gilbert's alleged injuries occurred.  Third,

in spite of the Court's holding to the contrary, as discussed in the February 2008

Order, Defendants argue that Gilbert has failed to state a viable § 1983 claim.  The

Court will address each of these arguments in turn.

### A.        Failure to Exhaust Administrative Remedies

Section 1997e(a) of the PLRA prohibits any action by a prisoner in federal

court under 42 U.S.C. § 1983 concerning "prison conditions" until "such

administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).

However, by its own terms—as confirmed by the Supreme Court—the exhaustion

requirements of the PLRA apply only to suits "about prison life." *Porter v. Nussle*,

534 U.S. 516, 531 (2002), *see also Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir.

2002).  Preincarceration claims, including claims against an arresting officer, "fall

outside of § 1997e(a)." *Porter*, 534 U.S. at 529.

Indeed, *every* case cited by Defendants in support of their argument involves

claims brought by *prison inmates* alleging wrongs "'with respect to the conditions of

confinement or the effect of actions by government officials on the lives of persons

confined in prison.'" *Higginbottom v. Carter*, 223 F.3d 1259, 1260 (11th Cir. 2000)

(quoting 18 U.S.C. § 3626(g)(2)); *see Woodford v. Ngo*, 548 U.S. 81, 86–87 (2006);

*Porter*, 534 U.S. at 519; *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Carbe v.

Lappan*, 492 F.3d 325, 327 (5th Cir. 2007); *Steele v. Fed. Bureau of Prisons*, 355 F.3d

1204, 1206 (10th Cir. 2003); *Days v. Johnson*, 322 F.3d 863, 864 (5th Cir. 2003);

*Clifford*, 298 F.3d at 329; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001),

*modifying* 201 F.3d 663 (5th Cir. 2000); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir.

2000); *Underwood v. Wilson*, 151 F.3d 292, 292 (5th Cir. 2001); *Higginbottom*, 223

F.3d at 1260; *Wendell v. Asher*, 162 F.3d 887, 888–89 (5th Cir. 1998); *Bloch v.

Samuels*, No. H-04-4861, 2006 U.S. Dist. LEXIS 53732, at *1–*6 (S.D. Tex. Aug. 3,

2006) (Atlas, J.); *Garritan v. Tex. Dep't Criminal Justice*, No. H-06-0271, 2006 U.S.

Dist. LEXIS 28414, at *1–*2 (S.D. Tex. Apr. 28, 2006) (Atlas, J.); *Belasco v. Haro*,

No. 1:05-CV-046-C, 2005 U.S. Dist. LEXIS 45241, at *1 (N.D. Tex. June 28, 2005)

(Cummings, J.); *Floyd v. Tex. Tech. Univ. Hosp. Sys.*, No. 2:03-CV-0252, 2003 U.S.

Dist. LEXIS 21379, at *1 (N.D. Tex. Nov. 26, 2003) (Robinson, J.).

In this case, Gilbert's allegations involve conduct that occurred outside of a

prison, before he was even arrested.  Moreover, Defendants fail to identify how

Gilbert's allegations concerning this conduct can be characterized as a complaint

regarding prison conditions, much less how the grievance procedures at—presumably,

the TDCJ prison in Huntsville, Texas, at which Gilbert is currently housed—could

offer any redress for these alleged harms, which were occasioned by police officers

and physicians who have no apparent connection to the Huntsville facility.

Importantly, this is not merely a recognition that administrative review would be

futile, as Defendants suggest; it is instead a recognition that administrative review is

not required where, as here, there is no allegation concerning unlawful prison

conditions suffered by a prison inmate. *See, e.g.*, *Davis v. Mancuso*, No. 05-2217-LC,

2006 U.S. Dist. LEXIS 72836, at \*7 (W.D. La. Aug. 8, 2006) (Wilson, Mag.)

("Plaintiff's claims regarding the alleged beatings by . . . police prior to his being

placed in [jail], would . . . not be subject to the grievance procedures [of the PLRA].");

*Roach v. Bandera County*, No. SA-02-CA-106-XR, 2004 U.S. Dist. LEXIS 10792,

at \*14–\*15 (W.D. Tex. June 9, 2004) (Rodriguez, J.) ("Plaintiff's complaint that

Defendants . . . violated his Fourth Amendment right to be free from excessive force

during his arrest . . . is not covered by the PLRA's exhaustion requirement.").

Defendants' argument that Gilbert's claims are barred due to his failure to

exhaust administrative remedies as required by the PLRA is meritless.  Accordingly,

Defendants are not entitled to any relief on the basis of this theory.

### B. Claims against Chief Whitmire

Next, Defendant Whitmire argues that all claims against him must be dismissed

because he was not the Chief of Police for the City of Bryan at the time Gilbert alleges

he was injured.  As the Court explained in the February 2008 Order:

> Chief of Police Bobby Whitmire, although not named as a defendant by
> Gilbert, was . . . served.  Gilbert raises failure to train and supervise
> claims against Assistant Chief of Police Peter Scheets. However, Scheets
> does not appear to be an official policymaker for the City and thus, is not

the proper defendant for this claim.  In order to avoid collateral litigation, and in the interests of justice, the Court served Chief Whitmire as the official policymaker for the City of Bryan Police Department and the proper defendant for a failure to train and/or supervise claim.[2]

It is well settled that "inadequacy of police training may serve as the basis for § 1983 liability [against a municipality] . . . where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 483–84 (1986); *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981); *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165 (1993); *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000).  It is also well settled that local governments are "persons" subject to liability under 42 U.S.C. § 1983 and that "[a]ctions for damages against a party in his official capacity are, in essence, actions against the governmental entity of which the officer is an agent."  *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980) (citing *Monell*, 436 U.S. at 690).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the

---

[2]     February 2008 Order [Doc. # 69], at 2 n.2.

entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999).  Accordingly, "[i]n an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office."  *Graham*, 473 U.S. at 166 n.11 (citing FED. R. CIV. P. 25(d)).

In this case, even if Whitmire was not the Chief of Police at the time the facts giving rise to this case occurred, he is nonetheless a proper defendant for a failure to train and supervise claim against the City.  However, to avoid any confusion, the Court has concluded that the City of Bryan should be substituted for Whitmire. *See* FED. R. CIV. P. 25(d).  Whitmire is dismissed from this case.  Gilbert may proceed against the City in his § 1983 failure to train and/or supervise claim.

### C.    Failure to State a Claim for Relief

Finally, Defendants argue that because Gilbert's pleadings do "not show or establish that pain medication was medically required or necessary," he has failed to plead "deliberate indifference"—a required element of his § 1983 claim.[3] Defendants further assert that because "there are circumstances which warrant the withholding of pain medication to avoid sudden shock and to obtain consent in the event emergency surgery is required," Gilbert's claim fails to state a claim upon which relief can be

---

[3]     Defendant's Motion for Summary Judgment [Doc. # 114], at 12.

granted.[4]

Whether Gilbert will ultimately succeed in demonstrating a civil rights violation by Defendants remains to be seen.  Discovery has not meaningfully commenced in this matter and Defendants' summary judgment motion is premature.  *See, e.g.*, *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 354 n.47 (5th Cir. 1989); *PYR Energy Corp. v. Samson Res. Co.*, 456 F. Supp. 2d 786, 809 (E.D. Tex. 2006).  The Court has made clear that Gilbert has pled a viable claim for relief[5] and Defendants have offered no convincing argument challenging the validity of that decision.  According, summary judgment in favor of Defendants is not warranted at this time.

## IV.   CONCLUSION

For all the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 114] is **DENIED**.  It is further

**ORDERED** that the City of Bryan ("City") is **substituted** for Defendant Bobby Whitmire.  Whitmire is **dismissed** from this case.  Gilbert may proceed against the City on his failure to train and/or supervise claim.  It is further

---

4        *Id.* at 12–13.

5        *See* February 2008 Order [Doc. # 69]; *see also* Order of April 15, 2008 [Doc. # 91]; Memorandum & Order of June 9, 2008 [Doc. # 112]; Memorandum & Order of June 17, 2008 [Doc. # 117].

**ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. # 93], which was previously denied without prejudice while the Court reviewed Plaintiff's submissions, is **GRANTED**.  The Court concludes that exceptional circumstances require the appointment of counsel to assist Plaintiff with litigation of this case.  The Court will enter a separate order appointing counsel and will set this case for a pretrial conference.

**SIGNED** at Houston, Texas, this 19th day of **June, 2008**.

Nancy F. Atlas
United States District Judge